Anthony L. Marks (Bar No. 012258)
Katherine E. May (Bar No. 032335)
**PERKINS COIE LLP**
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000
AMarks@perkinscoie.com
KMay@perkinscoie.com
DocketPHX@perkinscoie.com

*Attorneys for Defendant Intel Corporation*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Ahmad Alsadi, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Intel Corporation, a Delaware corporation; John Doe and Jane Doe, I through V, fictitious individuals; ABC corporations and /or partnerships, I through V, fictitious entities,<br><br>　　　　Defendants. | No. _____<br><br>**DEFENDANT'S NOTICE OF REMOVAL AND MEMORANDUM IN SUPPORT** |

　　　　Pursuant to 28 U.S.C. §§ 1441, 1446, and Local Civil Rule 3.6, Defendant Intel Corporation ("Intel") files this Notice of Removal from Cause No. CV2016-054497, currently in the Maricopa County Superior Court of Arizona, to the United States District Court for the District of Arizona, Phoenix Division, on the basis of diversity of citizenship. The notice is based on the following grounds:

**I.　PARTIES**

　　1.　Plaintiff, Ahmad Alsadi ("Alsadi"), is a citizen of Arizona. [Ex. A-1, ¶ 1]

　　2.　Defendant Intel is a citizen of Delaware and California.

**II.　RELEVANT PROCEDURAL FACTS**

　　3.　On September 26, 2016, Alsadi sued Intel and fictitiously named individuals and

entities, in a case styled *Ahmad Alsadi v. Intel Corp. et al.*, Cause No. CV2016-054497, in the Maricopa County Superior Court of Arizona. [Ex. A-1] That action asserts a single cause of action for negligence against Intel for failure to maintain premises in a safe condition. [*Id.*]

4. On September 27, 2016, Intel's statutory agent was personally served in Arizona with that state court action and summons. [Ex. A-5]

## III.   REMOVAL BASED ON DIVERSITY JURISDICTION

5. Removal based on diversity jurisdiction is proper where complete diversity exists among the parties and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).

### A.   Complete Diversity Exists Between Plaintiff and Defendants

6. Both at the time the lawsuit was filed, and at the time of removal, Alsadi was and remained a citizen of Arizona. Alsadi alleges that he is a resident of Maricopa County, Arizona and does not allege any alternate residence. [Ex. A-1, ¶ 1] Accordingly, upon information and belief, Arizona is the state in which Plaintiff is domiciled, and therefore, the state of which Plaintiff is a citizen for purposes of diversity jurisdiction.

7. For purposes of diversity, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

8. For purpose of diversity, the citizenship of a corporation is determined by the state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1).

9. Intel was at the time of the lawsuit and has remained a citizen of Delaware and California, and not of Arizona. Intel is a corporation organized under the laws of the State of Delaware. Intel's principal place of business is in Santa Clara, California. Thus, there is complete diversity of citizenship between Intel and Plaintiff.

### B.   The Amount in Controversy Exceeds $75,000

10. Where, as here, the jurisdictional amount in controversy is not specifically alleged in the complaint, the removing defendant must establish the amount by a preponderance of the evidence. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The removing defendant may make this showing based on the allegations in the complaint and the

facts set forth in the removal petition. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

11. The Complaint seeks damages "[f]or medical and related expenses incurred and to be incurred," and "[f]or loss of income and job-related benefits incurred . . . and any loss of earning capacity," in amounts to be proven at trial. [Ex. A-1, Prayers ¶¶ B & C]

12. Counsel for Alsadi has represented orally and in writing that Alsadi's combined medical expenses and lost wages totaled $41,600 as of September 2016, and they continue to accrue. According to his counsel, Alsadi has been unable to work since the February incident and his injuries may be permanent.

13. In addition to actual damages, the Complaint seeks several categories of general damages, including damages for physical and mental pain and suffering, and for loss of enjoyment of life. [*Id.* Prayer ¶ A]

14. Alsadi's counsel has explicitly stated in writing that the amount in controversy exceeds $75,000. Alsadi had previously certified that the amount in controversy exceeds $50,000. [Ex. A-3] *See Ansley v. Metro. Life Ins. Co.*, 215 F.R.D. 575, 578 (D. Ariz. 2003) (certification of arbitration properly considered in calculating amount in controversy).

15. Given the nature of the alleged injuries, the types of damages sought, and the statements of Plaintiff's counsel, the amount in controversy exceeds $75,000, exclusive of interest and costs. *E.g.*, *Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000) (holding that jurisdictional amount was facially apparent where plaintiff alleged unspecified damages arising out of medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability).

16. By virtue of diversity of citizenship and the amount in controversy, this Court has original jurisdiction over this case, pursuant to 28 U.S.C. § 1332(a).

**IV.   VENUE FOR REMOVAL**

17. As required by 28 U.S.C. § 1441(a), this Court embraces the place where the state court action is pending, Maricopa County Superior Court of Arizona.

## V. TIMELINESS OF REMOVAL

18. Removal is timely when the notice of removal is "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1). It must also be filed within one year after commencement of the action. *Id.* at § 1446(c)(1).

19. Intel first received a copy of the Complaint on September 27, 2016, when it was served in Arizona. This Notice of Removal is being filed within 30 days of such service, and within one year of the date that the suit was first filed in state court.

## VI. COMPLIANCE WITH LOCAL RULE

20. Contemporaneous with the filing of this Notice of Removal, Intel is filing the civil cover sheet (AO Form JS-44).

21. All pleadings and other documents that were previously filed with the state court, along with a verification of such documents, are attached as Exhibit A, along with its attached Exhibits A-1, A-2, A-3, A-4, and A-5.

22. Pursuant to Local Civil Rule 3.6(a), counsel for Intel affirmatively states that a copy of this notice is being contemporaneously filed with the state court from which the action is being removed.

23. Accordingly, Intel hereby removes this case to this Court and requests that Maricopa County Cause No. CV2016-054497 be removed to this Court and that this Court accept jurisdiction of this action.

Dated: October 27, 2016

**PERKINS COIE LLP**

By: */s/ Katherine E. May*
    Anthony L. Marks
    Katherine E. May
    2901 North Central Avenue, Suite 2000
    Phoenix, Arizona 85012-2788

*Attorneys for Defendant Intel Corporation*

**CERTIFICATE OF SERVICE**

☒   I hereby certify that on October 25, 2016, I served the attached document by e-mail and US Mail on the following, who are not registered participants of the CM/ECF System:

Frederic G. Lemberg
fred@azlemberglaw.com
Susan Bassal
Robert Glazer
Law Office of Frederic G. Lemberg
17015 North Scottsdale Road, Suite 225
Scottsdale, Arizona 85255


*s/ Stephanie Lawson*