# EXHIBIT A

| | |
|---|---|
| 1 | Anthony L. Marks (Bar No. 012258) |
| | Katherine E. May (Bar No. 032335) |
| 2 | **PERKINS COIE LLP** |
| | 2901 North Central Avenue, Suite 2000 |
| 3 | Phoenix, Arizona 85012-2788 |
| | Telephone: 602.351.8000 |
| 4 | Facsimile: 602.648.7000 |
| | AMarks@perkinscoie.com |
| 5 | KMay@perkinscoie.com |
| | DocketPHX@perkinscoie.com |
| 6 | |
| | *Attorneys for Defendant Intel Corporation* |
| 7 | |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Ahmad Alsadi, an individual, | No. _____ |
| Plaintiff, | |
| v. | **DECLARATION OF KATHERINE E. MAY IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL AND SUPPORTING MEMORANDUM** |
| Intel Corporation, a Delaware corporation; John Doe and Jane Doe, I through V, fictitious individuals; ABC corporations and /or partnerships, I through V, fictitious entities, | |
| Defendants. | |

Pursuant to 28 U.S.C. § 1746, I, Katherine E. May, declare the following:

1. I have personal knowledge of the facts stated herein.

2. I am an attorney for the Defendant Intel Corporation ("Intel") in the above-captioned action. I have personally reviewed the state court docket from which this action is being removed.

3. True and complete copies of all pleadings and other documents filed in the state court proceeding are attached to this Declaration.

4. A true and complete copy of the Complaint is attached as **Exhibit A-1**.

5. A true and complete copy of the Civil Coversheet is attached as **Exhibit A-2**.

6. A true and complete copy of the Certificate of Compulsory Arbitration is attached as **Exhibit A-3**.

7. A true and complete copy of the Summons is attached as **Exhibit A-4**.

8. A true and complete copy of the Certificate of Service is attached as **Exhibit A-5**.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 27th day of October, 2016, by:

                              *s/ Katherine E. May*
                              Katherine E. May

# EXHIBIT A-1

MICHAEL K. JEANES
Clerk of the Superior Court
By Trista Shepardson, Deputy
Date 09/26/2016 Time 16:12:41
Description               Amount
------- CASE# CV2016-054497 -------
CIVIL NEW COMPLAINT       319.00
----------------------------------
TOTAL AMOUNT              319.00
        Receipt# 25496122

Frederic G. Lemberg, # 002806
Susan Bassal # 027596
Robert Glazer, #030056
Law Office of Frederic G. Lemberg
17015 North Scottsdale Road, Suite 225
Scottsdale, Arizona 85255
Phone: (480) 269-6230
Fax: (480) 448-9802
Email: fred@azlemberglaw.com

*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| AHMAD ALSADI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>INTEL CORPORATION, a Delaware corporation; JOHN DOE and JANE DOE, I through V, fictitious individuals; ABC corporations and/or partnerships, I through V, fictitious entities,<br><br>Defendants, | Case No. CV2016-054497<br><br>**COMPLAINT**<br><br>(Tort- Non Motor Vehicle) |

Plaintiff Ahmad Alsadi, by and through his undersigned attorneys, for his Complaint against Defendants, alleges:

### General Allegations

1. Plaintiff Ahmad Alsadi is a resident of Maricopa County, Arizona.

2. Defendant Intel Corporation (hereafter "Intel") is a Delaware corporation, authorized to do business and doing business in Maricopa County, Arizona, at all times relevant hereto.

3. The identity of John Doe and the other fictitiously named individuals, corporations, partnerships, or entities are presently unknown to Plaintiff who will seek

1

leave to amend this Complaint after the identities and involvement of said individuals and/or entities become known.

4. Upon information and belief these fictitious Defendants have caused damage and injury to Plaintiff.

5. Upon information and belief, each of the Defendants was the agent of each of the other Defendants, and all acts by any of the Defendants were in the scope of their agency with all of the other Defendants, and each was acting on their behalf, as well as the behalf of all Defendants.

6. Defendants caused an event to occur in Maricopa County, Arizona out of which this cause of action arises and the amount in controversy exceeds the jurisdictional requirement of the Superior Court; this Court has venue and jurisdiction.

7. On or about February 28, 2016, Intel was engaged in the manufacturing of its advanced digital technology platform business at a manufacturing location in Chandler, Arizona ("the Premises").

8. Intel managed, maintained, and/or otherwise controlled the Premises at all times relevant alleged herein.

9. On or about February 28, 2016, Plaintiff was working in the in the CN-3 building at the Premises; Plaintiff was employed as an HVAC Mechanical Engineering Technician by Jones Lang Lasalle Incorporated.

10. At the aforementioned time and place, Plaintiff had a legal right to be working at the Premises.

11. At the aforementioned time and place, there was a toxic emission and discharge of gaseous fumes from the CH-8 building at the Premises.

12. The odor from the discharge of gaseous fumes was noticeable in the area where Plaintiff was working.

13. Plaintiff and others working in the area were instructed to evacuate from the CN-3 building.

14. At the aforementioned time and place, Defendant's Emergency Response Team ("ERT") was dispatched to investigate a possible toxic discharge of gaseous fumes.

15. Using a gas monitor, ERT found evidence of a toxic discharge of gaseous fumes, and, among other things, that H2S was in the air with a reading of 11.5 ppm.

16. ERT inquired if Plaintiff and other workers had symptoms from the toxic exposure; Plaintiff informed ERT that he was experiencing a tingly throat, headache, and a cough.

17. ERT examined Plaintiff and then called a nurse to examine Plaintiff who concluded Plaintiff needed to immediately receive medical examination and treatment from a physician.

18. Plaintiff was then transported by his manager to Concentra for medical treatment and care.

19. Since February 28, 2016, to the present, as a direct and proximate result of the exposure to the toxic discharge of gaseous fumes from the CH-8 building, Plaintiff has suffered from coughing, weakness, pulmonary and respiratory distress, pain and other injuries requiring hospital treatment and medical care.

20. Intel owed a duty of due care to the people legally on the Premises and, specifically owed a duty to Plaintiff, to conduct reasonable inspection of the Premises and create safeguards from potential hazards in order to protect Plaintiff from hazards that exist or could exist on the Premises.

21. Intel knew or should have known that the toxic discharge of gaseous fumes would create an unreasonable risk of harm to Plaintiff.

22. On February 28, 2016, Intel failed to adequately protect Plaintiff from being exposed to the harmful and dangerous discharge of gaseous fumes on the Premises.

23. As a direct and proximate result of the aforementioned dangerous condition and Defendant's failure to adequately warn of the dangerous condition, failure to remedy the dangerous condition, and/or creation of the dangerous condition, as well as Defendant's careless, reckless, negligent, and/or unlawful conduct, Plaintiff suffered severe physical and emotional injuries, physical and mental pain and suffering, damage to his bodily functions, and diminution in his ability to enjoy life, all to his damage in a presently unknown total amount, but as shall be shown according to the proof at time of trial.

24. As a further direct and proximate result of the careless, reckless, negligent and/or unlawful conduct of Intel, Plaintiff has been damaged in that he has incurred and may incur in the future hospital and medical expenses and related care and treatment in a presently unknown total amount, but as shall be shown according to the proof at time of trial.

25. As a further direct and proximate result of the careless, reckless, negligent and unlawful conduct of Intel, Plaintiff incurred the loss of wages, salary, benefits and earnings, and/or a loss in earning capacity, in an amount unknown at present, but as shall be shown according to the proof at time of trial.

WHEREFORE, Plaintiff Ahmad Alsadi requests judgment against Defendants, and each of them, according to the proof at time of trial, for the following damages:

A. General damages for physical and mental pain and suffering, inconvenience, and damage to his bodily functions and ability to enjoy life.

B. For medical and related expenses incurred and to be incurred as a result of the above-described incident in a sum as shall be shown according to proof at the time of trial;

C. For loss of income and job-related benefits incurred by Plaintiff and any loss of earning capacity he may have suffered in a sum as shall be shown according to proof at the time of trial;

D. For Plaintiff's costs incurred herein; and

E. For such other and further relief as the Court deems just and proper in the premises.

DATED this 26th day of September, 2016

                              **LAW OFFICE OF FREDERIC G. LEMBERG**

                              By: _/s/ Frederic G. Lemberg_
                                  Frederic G. Lemberg
                                  Susan Bassal
                                  Robert Glazer
                                  *Attorneys for Plaintiff*

# EXHIBIT A-2

In the Superior Court of the State of Arizona
In and For the County of Maricopa

CV2016-054497

(Please Type or Print)

Plaintiff's Attorney  Frederic G. Lemberg

Attorney's Bar Number  002806

MICHAEL K. JEANES, CLERK
BY
P Shepardson
DEP
T. SHEPARDSON, FILED
16 SEP 26 PM 4: 11

Is Interpreter Needed? ☐ Yes ☒ No
If yes, language type: _____
Attorney/Pro Per Signature _Fred G. Lemberg_
To the best of my knowledge, all information is true and correct.

Plaintiff's Name(s): (List all)
__Ahmad Alsadi__

Plaintiff's Address:
c/o Frederic G. Lemberg, Attorrny
17015 N. Scottsdale Rd., Suite 225
Scottsdale, AZ 85255

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)
Intel Corporation, a Delaware Corporation

(List additional defendants on page two and/or attach a separate sheet).

EMERGENCY ORDER SOUGHT: ☐ Temporary Restraining Order   ☐ Provisional Remedy   ☐ OSC
☐ Election Challenge   ☐ Employer Sanction   ☐ Other _____

☒ RULE 8(i) COMPLEX LITIGATION DOES NOT APPLY. (Mark appropriate box under **Nature of Action**).

☐ RULE 8(i) COMPLEX LITIGATION APPLIES   Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties. (Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category).

## NATURE OF ACTION
(Place an "X" next to the **one** case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**
☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death
**110 TORT NON-MOTOR VEHICLE:**
☐ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability – Toxic/Other
☐ 113 Intentional Tort
☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☒ 117 Premises Liability
☐ 118 Slander/Libel/Defamation

☐ 116 Other (Specify) _____
**120 MEDICAL MALPRACTICE:**
☐ 121 Physician M.D.   ☐ 123 Hospital
☐ 122 Physician D.O   ☐ 124 Other
**130 CONTRACTS:**
☐ 131 Account (Open or Stated)
☐ 132 Promissory Note
☐ 133 Foreclosure
☐ 138 Buyer-Plaintiff
☐ 139 Fraud
☐ 134 Other Contract (i.e. Breach of Contract)
☐ 135 Excess Proceeds - Sale
☐ Construction Defects (Residential/Commercial)
  ☐ 136 Six to Nineteen Structures
  ☐ 137 Twenty or More Structures

January 1, 2009

1

**150-199 OTHER CIVIL CASE TYPES:**
- [ ] 156 Eminent Domain/Condemnation
- [ ] 151 Forcible Detainer
- [ ] 152 Change of Name
- [ ] 153 Transcript of Judgment
- [ ] 154 Foreign Judgment
- [ ] 158 Quiet Title
- [ ] 160 Forfeiture
- [ ] 175 Election Challenge
- [ ] 179 Employer Sanction Action (A.R.S. §23-212)
- [ ] 180 Injunction against Workplace Harassment
- [ ] 181 Injunction against Harassment
- [ ] 182 Civil Penalty
- [ ] 186 Water Rights (Not General Stream Adjudication)
- [ ] 187 Real Property
- [ ] Sexually Violent Persons (A.R.S. §36-3704)
  (Except Maricopa County)
- [ ] Minor Abortion (See Juvenile in Maricopa County)
- [ ] Special Action Against Lower Courts
  (See lower court appeal cover sheet in Maricopa)

- [ ] 155 Declaratory Judgment
- [ ] 157 Habeas Corpus
- [ ] 184 Landlord Tenant Dispute - Other
- [ ] 159 Restoration of Civil Rights (Federal)
- [ ] 159 Clearance of Records (A.R.S. §13-4051)
- [ ] 190 Declaration of Factual Innocence(A.R.S.§12-771)
- [ ] 191 Declaration of Factual Improper Party Status
- [ ] 193 Vulnerable Adult (A.R.S. §46-451)
- [ ] 165 Tribal Judgment
- [ ] 167 Structured Settlement (A.R.S. §12-2901)
- [ ] 169 Attorney Conservatorships (State Bar)
- [ ] 170 Unauthorized Practice of Law (State Bar)
- [ ] 171 Out-of-State Deposition for Foreign Jurisdiction
- [ ] 172 Secure Attendance of Prisoner
- [ ] 173 Assurance of Discontinuance
- [ ] 174 In-State Deposition for Foreign Jurisdiction
- [ ] 176 Eminent Domain–Light Rail Only
- [ ] 177 Interpleader– Automobile Only
- [ ] 178 Delayed Birth Certificate (A.R.S. §36-333.03)
- [ ] 183 Employment Dispute - Discrimination
- [ ] 185 Employment Dispute - Other
- [ ] 163 Other _____
  (Specify)

**150-199 UNCLASSIFIED CIVIL CASE TYPES:**
- [ ] Administrative Review
  (See lower court appeal cover sheet in Maricopa)
- [ ] 150 Tax Appeal
(All other tax matters must be filed in the AZ Tax Court)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

- [ ] Antitrust/Trade Regulation
- [ ] Construction Defect with many parties or structures
- [ ] Mass Tort
- [ ] Securities Litigation with many parties
- [ ] Environmental Toxic Tort with many parties
- [ ] Class Action Claims
- [ ] Insurance Coverage Claims arising from the above-listed case types

Additional Plaintiff(s)

_____

_____

Additional Defendant(s)

_____

_____

January 1, 2009                                                                                                              2

# EXHIBIT A-3

Frederic G. Lemberg, # 002806
Susan Bassal, #027596
Robert Glazer, #030056
Law Office of Frederic G. Lemberg
17015 North Scottsdale Road, Suite 225
Scottsdale, Arizona 85255
Phone: (480) 269-6230
Fax: (480) 448-9802
Email: fred@azlemberglaw.com

*Attorneys for Plaintiff*

COPY

SEP 26 2016



MICHAEL K. JEANES, CLERK
T. SHEPARDSON
DEPUTY CLERK

### IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Ahmad Alsadi, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>INTEL CORPORATION, an Arizona corporation; JOHN DOE and JANE DOE, I through V, fictitious individuals; ABC corporations and/or partnerships, I through V, fictitious entities,<br><br>Defendants, | Case No.<br><br>**CV2016-054497**<br><br>**CERTIFICATE OF COMPULSORY ARBITRATION** |

The undersigned certifies that the largest award sought by the Plaintiff including punitive damages, but excluding interest, attorneys' fees, and costs **does exceed** the limits set by Local Rules for compulsory arbitration. This case **is not** subject to Arbitration.

DATED this 26th day of September, 2016.

LAW OFFICE OF FREDERIC G. LEMBERG

/s/ Frederic G. Lemberg
Frederic G. Lemberg
*Attorneys for Plaintiff*

1

# EXHIBIT A-4

1  Frederic G. Lemberg, # 002806
   Susan Bassal, #027596
2  Robert Glazer, #030056
   Law Office of Frederic G. Lemberg
3  17015 North Scottsdale Road, Suite 225
   Scottsdale, Arizona 85255
4  Phone: (480) 269-6230
5  Fax: (480) 448-9802
   Email: fred@azlemberglaw.com
6
7  *Attorneys for Plaintiff*

8            IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA
9                  IN AND FOR THE COUNTY OF MARICOPA

10 | Ahmad Alsadi, an individual,                     | Case No.
11 |                                                  |
   |                  Plaintiff,                      | CV2016-054497
12 | vs.                                              |
13 |                                                  | SUMMONS
   | INTEL CORPORATION, an Delaware                   |
14 | corporation; JOHN DOE and JANE DOE, I            |
   | through V, fictitious individuals; ABC           | If you would like legal advice from a lawyer,
15 | corporations and/or partnerships, I through V,   | Contact the Lawyer Referral Service at
   | fictitious entities,                             | 602-257-4434
16 |                                                  | or
   |                                                  | www.maricopalawyers.org
17 |                  Defendants,                     | Sponsored by the
                                                        Maricopa County Bar Association

19     THE STATE OF ARIZONA TO THE DEFENDANT:

21     **Intel Corporation, a Delaware corporation**

22     YOU ARE HEREBY SUMMONED and required to appear and defend, within the
23 time applicable, in this action in this Court. If served within Arizona, you shall appear
   and defend within 20 days after the service of the Summons and Complaint upon you,
24 exclusive of the day of service. If served out of the State of Arizona—whether by direct
   service, by registered or certified mail, or by publication—you shall appear and defend
25 within 30 days after the service of the Summons and Complaint upon you is complete,
26 exclusive of the day of service. Where process is served upon the Arizona Director of
   Insurance as an insurer's attorney to receive service of legal process against it in this
27 state, the insurer shall not be required to appear, answer or plead until expiration of 40
28 days after the date of such service upon the Director. Service of registered or certified
   mail without the State of Arizona is complete 30 days after the date of filing the receipt
   and affidavit of service with the Court. Service by publication is complete 30 days after

the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. **RCP 4; A.R.S. Sections 20-222; 28-502; 28-503.**

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney. **RCP 10(d); A.R.S. Section 12-311; RCP 5.**

Requests for reasonable accommodation for persons with disabilities must be made by parties to the division assigned to the case at least three (3) judicial days in advance of a scheduled court proceeding.

The name and address of plaintiffs' attorney is:
    Frederic G. Lemberg
    LAW OFFICE OF FREDERIC G. LEMBERG
    17015 North Scottsdale Road, Suite 225
    Scottsdale, Arizona 85255

GIVEN UNDER MY HAND and the seal of this Court this _____ day of September, 2016.

MICAEL JEANES, Clerk of the Superior Court



SEP 2 6 2016



MICHAEL K. JEANES, CLERK
T. SHEPARDSON
DEPUTY CLERK

# EXHIBIT A-5

# Liddy Legal Support Services

PO Box 2007, Phoenix, AZ 85001
63 E. Pennington St., #102, Tucson, AZ 85702
2700 Woodlands Village Blvd., #300-420, Flagstaff, AZ 86001
Phoenix 602-297-0676, Tucson 520-628-2824, Flagstaff 928-225-7737

Client File # Alsadi
Account # 0419
Invoice # 268961
Liddy # 206506-1



MICHAEL K. JEANES, CLERK
RECEIVED OCH
DOCUMENT DEPOSITORY

16 SEP 30 AM 10: 06

FILED BY D. VANDEBERG

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

AHMAD ALSADI, an individual,

Plaintiff(s),

vs.

INTEL CORPORATION; an Delaware corporation; et al.,

Defendant(s).

**CERTIFICATE OF SERVICE BY PRIVATE PROCESS SERVER**
Case No. CV2016-054497

ORIGINAL

**ENTITY/PERSON TO BE SERVED:** Intel Corporation c/o CT Corporation System, Statutory Agent

**PLACE OF SERVICE:** 3800 N Central Ave Suite 460, Phoenix, AZ, 85012

**DATE OF SERVICE:** On the 27th day of September, 2016 at 11:00 AM   County Maricopa

[ ] PERSONAL SERVICE   [X] Left a copy with a person authorized to accept service.   [ ] At this usual place of abode, I left a copy with a person of suitable age and discretion residing therein.

**Name of Person Served and Relationship/Title**   Served on CT Corporation System, Statutory Agent, by serving Angela Ramirez, Associate Corporate Operations Specialist, authorized to receive and accept service of process in the State of Arizona by CT Corporation System.

on 09/26/2016 we received the following documents for service:
Summons, Complaint and Certificate of Compulsory Arbitration

**Received from** LAW OFFICE OF FREDERIC G. LEMBERG, ( FREDERIC G. LEMBERG #002806 )

**PROCESS SERVER:** Floyd R. Brown #8388

The undersigned states: That I am a certified private process server in the county of Maricopa and am an Officer of the Court.

**SIGNATURE OF PROCESS SERVER:** *Floyd R. Brown*   Date: 9/29/2016

| Item | Amount |
|---|---|
| Service of Process | $16.00 |
| Minimum Mileage | $16.00 |
| Doc. Prep Fee | $10.00 |

Tax ID# 90-0533870
I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.

Total   $42.00