Frederic G. Lemberg, # 002806
Susan Bassal # 027596
Law Office of Frederic G. Lemberg
17015 North Scottsdale Road, Suite 225
Scottsdale, Arizona 85255
Phone: (480) 269-6230
Fax: (480) 448-9802
Email: fred@azlemberglaw.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AHMAD ALSADI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>INTEL CORPORATION, a Delaware corporation; JOHN DOE and JANE DOE, I through V, fictitious individuals; ABC corporations and/or partnerships, I through V, fictitious entities,<br><br>Defendants, | Case No. CV-16-03738-PHX-DJH<br><br>FIRST AMENDED COMPLAINT<br><br>(Tort- Non Motor Vehicle) |

Plaintiffs Ahmad Alsadi and Youssra Lahlou, by and through their undersigned attorneys, for their Complaint against Defendants, allege:

## General Allegations

1. Plaintiffs Ahmad Alsadi ("Ahmad") and Youssra Lahlou are husband and wife and are residents of Maricopa County, Arizona.

2. Defendant Intel Corporation (hereafter "Intel") is a Delaware corporation, authorized to do business and doing business in Maricopa County, Arizona, at all times relevant hereto.

3. The identity of John Doe and the other fictitiously named individuals, corporations, partnerships, or entities are presently unknown to Plaintiffs who will seek

1

leave to amend this Complaint after the identities and involvement of said individuals and/or entities become known.

4. Upon information and belief these fictitious Defendants have caused damage and injury to Plaintiffs.

5. Upon information and belief, each of the Defendants was the agent of each of the other Defendants, and all acts by any of the Defendants were in the scope of their agency with all of the other Defendants, and each was acting on their behalf, as well as the behalf of all Defendants.

6. Defendants caused an event to occur in Maricopa County, Arizona out of which this cause of action arises and the amount in controversy exceeds the jurisdictional requirement of the Arizona Superior Court; that Court had venue and jurisdiction.

7. On about October 27, 2016, Defendant Intel Corporation caused this case to be removed to this Court based upon diversity jurisdiction.

8. On or about February 28, 2016, Intel was engaged in the manufacturing of its advanced digital technology platform business at a manufacturing location in Chandler, Arizona ("the Premises").

9. At all relevant times alleged herein Intel managed, maintained, and/or otherwise controlled the Premises.

10. On or about February 28, 2016, Ahmad was working in the CN-3 building at the Premises; Ahmad was employed as an HVAC Mechanical Engineering Technician by Jones Lang Lasalle Incorporated.

11. At the aforementioned time and place, Ahmad had a legal right to be working at the Premises.

12. At the aforementioned time and place, there was a toxic emission and discharge of gaseous fumes from the CH-8 building at the Premises.

13. The odor from the discharge of gaseous fumes was noticeable in the area where Ahmad was working.

14. Ahmad and others working in the area were instructed to evacuate from the CN-3 building.

15. At the aforementioned time and place, Defendant's Emergency Response Team ("ERT") was dispatched to investigate a possible toxic discharge of gaseous fumes.

16. Using a gas monitor, ERT found evidence of a toxic discharge of gaseous fumes, and, among other things, reported that H2S was in the air with a reading of at least 11.5 ppm.

17. ERT inquired if Ahmad and other workers had symptoms from the toxic exposure; Ahmad informed ERT that he was experiencing a tingly throat, headache, and a cough.

18. ERT examined Ahmad and then called a nurse to examine Ahmad who concluded Ahmad needed to immediately receive medical examination and treatment from a physician.

19. Ahmad was then transported by his manager to Concentra for medical treatment and care.

## First Claim for Relief

20. Plaintiffs re-allege and incorporate by reference all of the allegations in paragraphs 1 through 19 above as if set out in full herein.

21. Since February 28, 2016, to the present, as a direct and proximate result of the exposure to the toxic discharge of gaseous fumes from the CH-8 building, Ahmad has suffered from coughing, weakness, pulmonary and respiratory distress, pain and other injuries requiring hospital treatment and medical care.

22. Intel owed a duty of due care to the people legally on the Premises and, specifically owed a duty to Ahmad, to conduct reasonable inspection of the Premises and create safeguards from potential hazards in order to protect Ahmad from hazards that exist or could exist on the Premises.

23. Intel knew or should have known that the toxic discharge of gaseous fumes would create an unreasonable risk of harm to Ahmad.

24. On February 28, 2016, Intel failed to adequately protect Ahmad from being exposed to the harmful and dangerous discharge of gaseous fumes on the Premises.

25. As a direct and proximate result of the aforementioned dangerous condition and Defendant's failure to adequately warn of the dangerous condition, failure to remedy

3

the dangerous condition, and/or creation of the dangerous condition, as well as Defendant's careless, reckless, negligent, and/or unlawful conduct, Ahmad suffered severe physical and emotional injuries, physical and mental pain and suffering, damage to his bodily functions, and diminution in his ability to enjoy life, all to his damage in a presently unknown total amount, but as shall be shown according to the proof at time of trial.

26. As a further direct and proximate result of the careless, reckless, negligent and/or unlawful conduct of Intel, Ahmad has been damaged in that he has incurred and may incur in the future hospital and medical expenses and related care and treatment in a presently unknown total amount, but as shall be shown according to the proof at time of trial.

27. As a further direct and proximate result of the careless, reckless, negligent and unlawful conduct of Intel, Ahmad incurred the loss of wages, salary, benefits and earnings, and/or a loss in earning capacity, in an amount unknown at present, but as shall be shown according to the proof at time of trial.

## Second Claim for Relief

28. Plaintiffs re-allege and incorporate by reference all of the allegations in paragraphs 1 through 27 above as if set out in full herein.

29. Plaintiff Youssra Lahlou is and was at all relevant times alleged herein married to Ahmad Alsadi.

30. As a direct and proximate result of Ahmad's the exposure to the toxic discharge of gaseous fumes due to the actions of the Intel alleged hereinabove, Youssra Lahlou has suffered damages and injuries including, but not limited to, the loss of love, care, companionship and other pleasures of the family and marital relationship, in an amount unknown at present, but as shall be shown according to the proof at time of trial.

WHEREFORE, Plaintiffs Ahmad Alsadi and Youssra Lahlou request judgment against Defendants, and each of them, according to the proof at time of trial, for the following damages:

A. General damages for Ahmad's physical and mental pain and suffering, inconvenience, and damage to his bodily functions and ability to enjoy life.

4

B. For Ahmad's medical and related expenses incurred and to be incurred as a result of the above-described incident in a sum as shall be shown according to proof at the time of trial;

C. For Ahmad's loss of income and job-related benefits incurred by Plaintiff and any future loss of earning capacity he may have suffered in a sum as shall be shown according to proof at the time of trial;

D. For Youssra Lahlou's loss of consortium damages and injuries including, but not limited to, the loss of love, care, companionship and other pleasures of the family and marital relationship, as shall be shown according to proof at time of trial.

E. For Plaintiffs' costs incurred herein; and

F. For such other and further relief as the Court deems just and proper in the premises.

DATED this 27th day of March, 2017.

**LAW OFFICE OF FREDERIC G. LEMBERG**

By: /s/ Frederic G. Lemberg
Frederic G. Lemberg,
Susan Bassal
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Kendall D. Steele
KSteele@JBHHLaw.com
JARDINE BAKER HICKMAN & HOUSTON, PLLC
3300 N Central Ave, Ste. 2600
Phoenix, AZ 85012-2514
*Attorneys for Defendant*

/s/ *Frederic G. Lemberg*

### Consent to Filing Amended Complaint

The undersigned counsel for the Defendant Intel Corporation hereby consents to the filing of this *First Amended Complaint* by the Plaintiffs.

**JARDINE BAKER HICKMAN & HOUSTON, PLLC**

By: _____
Kendall D. Steele
*Attorneys for Defendant*