Kendall D. Steele, AZ State Bar No. 012367
**JARDINE, BAKER, HICKMAN & HOUSTON, P.L.L.C.**
3300 North Central Avenue, Suite 2600
Phoenix, Arizona 85012
(602) 200-9777
(602) 200-9114 fax
e-mail:  ksteele@jbhhlaw.com

*Attorney for Defendant Intel Corporation*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Ahmad Alsadi, an individual,<br><br>                Plaintiff,<br><br>-vs-<br><br>Intel Corporation, a Delaware corporation; John Doe and Jane Doe I through V, fictitious individuals; ABC corporations and/or partnerships, I through V, fictitious entities,<br><br>                Defendants. | No.  CV-16-3738-PHX-DJH<br><br><br>**ANSWER OF DEFENDANT INTEL CORPORATION TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

        Defendant Intel Corporation ("Intel") hereby answers the First Amended Complaint filed by Plaintiff Ahmad Alsadi ("Asadi") and asserts defenses as follows:

        1.      Intel denies each and every, all and singular, of the allegations contained in Plaintiff's First Amended Complaint and each claim for relief thereof which is not hereinafter expressly admitted or otherwise pled to.

        2.      Intel is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraphs 1 of Plaintiff's First Amended Complaint and, therefore, denies the same.

        3.      Intel admits the allegations in Paragraph 2 of Plaintiff's First Amended Complaint.

        4.      Intel is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraphs 3 and 4 of Plaintiff's First Amended Complaint and, therefore, denies the same.

5.      Paragraph 5 contains opinions or legal conclusions to which no response is required. To the extent a response is deemed required, Intel is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of Plaintiff's First Amended Complaint and, therefore, denies the same.

6.      In Answering Paragraph 6 of Plaintiff's First Amended Complaint, Intel denies that it caused an event to occur out of which this cause of action arises in Maricopa County, Arizona, or elsewhere.  Intel lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 6 as it pertains to fictitious defendants.  Intel admits that the amount in controversy exceeds the jurisdictional amount, and that this Court has venue and jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441 (a).

7.      Intel admits the allegations in Paragraph 7 of Plaintiff's First Amended Complaint.

8.      Intel is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraphs 8 and 9 of Plaintiff's First Amended Complaint and, therefore, denies the same.

9.      Answering Paragraph 10, Intel admits that Plaintiff was a contractor employed as an HVAC Mechanical Engineering Technician by Jones Lang LaSalle Incorporated ("JLL") on February 28, 2016.  Intel lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10.

10.     Answering Paragraph 11, Intel is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint and, therefore, denies the same.

11.     Intel denies the allegations in Paragraph 12 of Plaintiff's First Amended Complaint.

12.     Intel is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint and, therefore, denies the same.

13.     Intel admits the allegations in Paragraph 14 of Plaintiff's First Amended Complaint.

14.     Intel denies the allegations in Paragraphs 15 through 17 of Plaintiff's First Amended Complaint.

15. Answering Paragraph 18, Intel admits that a member of its Medical Response Team ("MRT") evaluated Plaintiff and determined that he was medically stable. Intel also admits that a nurse was later called who referred Plaintiff to JLL's occupational healthcare clinic for further evaluation, but denies the remaining allegations in Paragraph 18.

16. Intel admits the allegations in Paragraph 19 of Plaintiff's First Amended Complaint.

### First Claim for Relief

17. Intel answering Paragraph 20 of Plaintiff's First Amended Complaint, incorporates by reference its answers to Paragraphs 1 through 19.

18. Intel is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint and, therefore, denies the same.

19. Paragraphs 22 through 24 of Plaintiff's First Amended Complaint contain opinions and legal conclusion to which no response is required. To the extent a response is deemed required, Intel denies the allegations in Paragraphs 22 through 24.

20. Paragraphs 25 through 27 of Plaintiff's First Amended Complaint contain opinions and legal conclusions to which no response is required. To the extent a response is deemed required, Intel denies that the conduct of Intel caused or contributed to any injuries or damages to Plaintiff, or that Intel breached any duty to Plaintiff. Intel lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 25 through 27, and therefore, denies them.

### Second Claim for Relief

21. Intel answering Paragraph 28 of Plaintiff's First Amended Complaint, incorporates by reference its answers to Paragraphs 1 through 27.

22. Answering Paragraph 29, Intel lacks knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint and, therefore, denies the same.

23. Paragraph 30 of Plaintiff's First Amended Complaint contains opinions and legal conclusion to which no response to required. To the extent a response is deemed required, Intel

denies the allegations in Paragraph 30.

24. Answering Plaintiff's prayers for relief, Intel denies that Plaintiff and Youssra Lahlou have sustained injury or damage in the manner alleged or at all and deny that Plaintiff and Youssra Lahlou are entitled to any relief, as requested or otherwise, as a result of any act, conduct or omission of Defendant Intel.

## AFFIRMATIVE DEFENSES

25. Plaintiff's First Amended Complaint fails to state a claim against Intel upon which relief can be granted.

26. The First Amended Complaint is barred, in whole or in part, by the exclusivity of remedy under Arizona workers' compensation statutes A.R.S. § 23-901 *et seq*.

27. Intel was under no legal duty to protect Plaintiff from hazards that Intel did not know, and should not have known existed on Intel's premises or that allegedly created an unreasonable risk of harm to Plaintiff.

28. Plaintiff's damages, if any, were directly and proximately caused, or contributed to, in whole or in part, by the acts or omissions of others, including Plaintiff Alsadi, or other persons or entities over whom Intel has or had no control or right of control, and for whom it was not responsible. Those acts or omissions were the complete or partial cause of, or superseded, any acts or omissions of Intel, if any. Plaintiff's recovery against Intel, if any, should therefore be barred or diminished in accordance with applicable law.

29. The First Amended Complaint is barred, in whole or in part, by Plaintiff Alsadi's assumption of the risks and damages, if any, associated with the alleged conditions, conduct or injuries, with knowledge of such risks and dangers.

30. The First Amended Complaint is barred, in whole or in part, by Plaintiff's failure to mitigate damages, if any.

31. Intel is entitled to offset any workers' compensation benefits received or that are to be received by Plaintiff Alsadi, against any judgment that may be rendered in favor of Plaintiff Alsadi Lalou, against Intel or against Intel and any other defendant or defendants.

32. Defendant Intel was confronted by a sudden emergency.

33.     Intel reserves the right to amend its Answer to assert additional affirmative defenses, including those contained in Rules 8 and 12, Ariz. R. Civ. P., at such time as information becomes available to support them.

**WHEREFORE**, having fully answered Plaintiff's First Amended Complaint, Intel respectfully prays the Court:

A. Dismiss Plaintiff's First Amended Complaint and that Plaintiff takes nothing hereby;

B. Enter Judgment in Intel's favor on all of Plaintiff's causes of action;

C. Award Intel its attorneys' fees and costs, including expert costs, pursuant to Arizona law and/or any contract proven, by Plaintiff to exist and apply to the subject matter of Plaintiff's First Amended Complaint; and,

D. Order such other and further relief as this Court deems just and proper.


DATED this 12th day of April, 2017.

JARDINE, BAKER, HICKMAN & HOUSTON, P.L.L.C.


By: */s/ Kendall D. Steele*
      Kendall D. Steele
      3300 North Central Avenue, Suite 2600
      Phoenix, Arizona 85012
      *Attorneys for Defendant Intel Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2017, I electronically transmitted the attached documents to

the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic

Filing to the following CM/ECF registrants:

> Frederic G. Lemberg
> fred@azlemberglaw.com
> Susan Bassal
> Robert Glazer
> Law Office of Frederic G. Lemberg
> 17015 North Scottsdale Road, Suite 225
> Scottsdale, AZ 85255

*/s/ Cheryl Anne Gray*