WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ahmad Alsadi and Youssra Lahlou, husband and wife,<br><br>　　　　　　　Plaintiffs,<br>　　v.<br><br>Intel Corporation, a Delaware corporation; et.al.,<br><br>　　　　　　　Defendants. | NO:  CV16-03738-PHX-DGC<br><br>**ORDER** |

Defendant Intel filed a trial brief asking that the Court preclude Plaintiffs from presenting independent medical evaluations (IMEs) from Drs. Schwartzberg and Leff, and deposition testimony from Dr. Schwartzberg.  Doc. 298.  The parties have fully briefed the issue (Docs. 308, 319) and no party requests oral argument.

Plaintiffs have the burden of demonstrating the admissibility of the IMEs and the deposition testimony. The Court will address each of the parties' arguments.

**A.     The Court's Prior Ruling.**

The Court previously excluded the expert opinions of Drs. Schwartzberg and Leff because they were not timely disclosed by Plaintiffs as experts in this case.  Doc. 279 at 35-38.[1]  The Court's order concerned opinions rendered in the doctors' IMEs.  *See id.* at 35

---

[1] Upon reviewing its previous ruling at Doc. 279, the Court noted a typo at page 36,

("Plaintiffs disclosed [the doctors] as persons who may have knowledge regarding their findings and independent medical examinations of Alsadi in his worker's compensation matter."). Because the Court has already excluded these opinions, Plaintiffs may not present them at trial by introducing the IMEs in evidence. The excluded opinions are found in the "Discussion" and "Answers to specific questions" portions of Dr. Schwartzberg's June 23, 2016 IME (Doc. 149-3 at 4-6), the "Conclusions" and "Answers to specific questions" portions of his November 9, 2016 IME (Doc. 149-4 at 4-5), and the "Conclusions," "Discussion," and "Answers to specific questions" portions of Dr. Leff's January 18, 2017 IME (Doc. 161-12 at 4-6).[2] Because the IMEs contain more than the doctors' opinions, including Mr. Alsadi's description of the cause and course of his symptoms, the Court will address the various hearsay objections briefed by the parties.[3]

**B.     Hearsay Objections.**

**1.     Rules 703 and 705.**

Plaintiffs argue that the IMEs are admissible under Rule 703 because they were relied on by several defense experts who will testify at trial. But Rule 703 does not authorize the general admission of otherwise inadmissible evidence simply because it was relied on by a testifying expert. The rule permits the use of such evidence for the purpose of evaluating the expert's opinion. *See* Fed. R. Evid. 703 Advisory Committee Note (2000); 4 Weinstein's

---

line 13. The phrase "does justify" should be "does not justify." Although this meaning is clear from the two case quotations that follow the phrase and the Court's exclusion of the Schwartzberg and Leff opinions (Doc. 279 at 38), the Court provides this clarification to remove any doubt.

[2] In arguing that the opinion portions of the IMEs may be admitted notwithstanding the Court's previous ruling, Plaintiffs cite cases applying Rule 803(6) and holding that admissible business records may include opinions. Doc. 308 at 2-3 & n.3. But Rule 803(6) concerns hearsay objections. It does not address, and certainly does not cure, Plaintiffs' failure to disclose Drs. Schwartzberg and Leff as expert witnesses under Federal Rule of Civil Procedure 26(a)(2) – the basis for the Court's previous exclusion order. *See* Doc. 279 at 35-38.

[3] Defendant argues that the IMEs are not admissible under Rule 801(d)(2). But other than asserting that statements offered by an opposing party are presumed reliable (Doc. 308 at 6), Plaintiffs do not mention Rule 801(d)(2). *See* Doc. 308 at 6.

2

Federal Evidence § 705.03 (2020) ("If the court allows disclosure of inadmissible facts on direct examination, the court, on request, should give the jury a limiting instruction informing it that the underlying information must not be used for any substantive purpose, but only in evaluating the strength of the opinion."). Furthermore, "'Rule 703 is not, itself, an exception to or exclusion from the hearsay rule or any other evidence rule that makes the underlying information inadmissible.'" *In Re Bard IVC Filters Products Liability Lit.*, No. CV-16-00474-PHX-DGC, 2018 WL 1109554, at *9 (D. Ariz. March 1, 2018) (quoting 4 Weinstein's Federal Evidence §703.05). Thus, Plaintiffs cannot rely on Rule 703 to admit the IMEs for general substantive use at trial. If an expert has relied on an IME in forming his or her opinions, Plaintiffs may cross-examine the expert about the IME to the extent the IME is relevant in evaluating the opinions.[4]

Plaintiffs also argue that the IMEs are admissible under the last sentence of Rule 705. But that sentence – which states that an expert may be required on cross-examination to disclose information underlying the expert's opinion – does not expand the use of the underlying information beyond that permitted in Rule 703; the disclosure is still allowed only for the purpose of evaluating the expert's opinion. Nothing in Rule 705 suggests that otherwise inadmissible underlying information may be admitted for general substantive purposes.[5] Thus, as noted above, if experts have relied on the IMEs, Plaintiffs may question

---

[4] If the testifying expert relied on the expert opinion portions of the IME – the portions excluded from evidence in the Court's previous ruling, as discussed above – those portions may still be used to cross-examine the testifying expert, but only for purposes of evaluating the testifying expert's opinion. The opinion portions of the IME may not be used as substantive evidence of the IME doctor's opinion for purposes of determining the cause or extent of Mr. Alsadi's injuries. This distinction comports not only with Rule 703, but also with the Court's ruling on the opinions of Drs. Schwartzberg and Leff. Doc. 279 at 35-38.

[5] Rule 705 concerns trial efficiency, and eliminates the common law requirement that all facts and data underlying an expert's opinion must be disclosed to the trier of fact before any opinion is stated. *See* 5 Weinstein's Federal Evidence § 705 App. 100 (2020). The last sentence was added to make clear that the rule did not prohibit the opposing party from eliciting the underlying facts and data during cross-examination in order to challenge the credibility of the opinion. 4 Weinstein's Federal Evidence § 705.05 (2020). The Advisory

them about the IMEs to the extent relevant to evaluating the expert's opinions. Plaintiffs may not use Rule 705 to admit the IMEs for general substantive purposes.

In sum, Rules 703 and 705 provide no basis for overcoming Defendant's hearsay objections to the general admission of the IMEs. But Plaintiffs may inquire about the IMEs on cross-examination of testifying experts who have relied on the IMEs, to the extent relevant to evaluating the experts' opinions.

### 2. Rule 803(4).

Plaintiffs assert that the IMEs are admissible under Rule 803(4) because they contain statements made by Mr. Alsadi for purposes of a medical diagnosis or treatment. For Rule 803(4) to apply, however, "[t]he declarant herself must understand that she is providing information for purposes of diagnosis or treatment because that understanding is what provides assurance that the statements are particularly likely to be truthful." *United States v. Kootswatewa*, 893 F.3d 1127, 1133 (9th Cir. 2018). In this case, Drs. Schwartzberg and Leff – who performed the IMEs at the request of the insurer of Mr. Alsadi's employer in connection with his worker's compensation claim – specifically advised Mr. Alsadi that the IMEs were not being conducted as part of a physician-patient relationship. *See* Docs. 149-3 at 2; 149-4 at 2; 161-12 at 2. Mr. Alsadi therefore would not have understood that he was providing information for purposes of diagnosis or treatment.

Plaintiffs argue that Drs. Schwartzberg and Leff provided medical advice or prescribed medication for Mr. Alsadi. But "it is the declarant's understanding of the purposes for which the statements were made that matters under Rule 803(4)." *Kootswatewa*, 893 F.3d at 1133. The doctors made clear at the outset of the IMEs that they would not be acting as Mr. Alsadi's doctors. *See* Docs. 149-3 at 2; 149-4 at 2; 161-12 at 2.

---

Committee Notes to Rule 705 suggest that the last sentence affords the cross-examiner an opportunity to "bring out facts and data . . . unfavorable to the opinion." Fed. R. Evid. 705, Advisory Committee Note (1972).

The Court accordingly concludes that the IMEs and Mr. Alsadi's statements quoted in the IMEs are not admissible under Rule 803(4).[6]

### 3. Rule 803(6).

Defendant argues that the IMEs are not admissible as business records because they were not made in the regular course of business by Drs. Schwartzberg and Leff. The Court cannot agree. Both doctors are in the business of performing medical evaluations, and the Advisory Committee Notes to Rule 803(6) specifically state that "[a] physician's evaluation report of a personal injury litigant would appear to be in the routine of his business." Fed. R. Evid. 803(6), Advisory Committee Note (1972).

Defendant also argues that the report is inadmissible because it was made in connection with litigation and therefore is untrustworthy. *See* Fed. R. Evid. 803(6)(E). The Court is not persuaded, however, that the circumstances under which the IMEs were created show such a lack of trustworthiness. Although the IMEs contain recitations by Mr. Alsadi of his history and condition made in the context of his worker's compensation claim, the IMEs were performed and documented by doctors whose reliability Defendant does not question, and reported facts on which the doctors relied. Further, the IMEs show that Mr. Alsadi stated at several points that his condition had improved, which suggests he was not merely advocating for his disability. *See* Docs. 149-3 at 3, 149-4 at 2.[7]

---

[6] Plaintiffs cite language from *Kootswatewa* stating that "[a]bsent evidence indicating otherwise, the district court could reasonably infer . . . that [Mr. Alsadi] understood [he] was providing information for purposes of diagnosis or treatment." 893 F.3d at 133. But in this case, there is evidence "indicating otherwise." *See id.* Both doctors told Mr. Alsadi there would be no physician-patient relationship. Plaintiffs also argue that Mr. Alsadi's statements to the doctors are not being offered for the truth of the matter asserted and therefore are not hearsay. Doc. 308 at 9. The Court does not agree. His statements to the doctors concerned his physical condition, and Plaintiffs argue strenuously that the IMEs accurately reflect his condition at the time – that Mr. Alsadi's statements about his condition are true.

[7] Nor is the Court persuaded by Defendant's argument that the IMEs were not made "at or near the time" as required by Rule 803(6)(A). The IMEs were made at or near the time of Mr. Alsadi's examination by the doctors.

The Court cannot, however, conclude at this point that the IMEs are admissible under Rule 803(6). For the IMEs to be admitted under that rule, Plaintiffs must satisfy subparts (A) through (D). Plaintiffs do not explain how these requirements will be met at trial, and Defendant does not address them in any detail. If this were a jury trial, the Court likely would need to resolve this issue before trial. Because this is a bench trial, it can be decided during trial.

The Court notes, however, that the IMEs contain hearsay within hearsay, a fact not addressed in any detail by the parties. The first level of hearsay – the IMEs themselves – may be satisfied by Rule 803(6), but Plaintiffs must provide a basis for admission of other hearsay statements within the IMEs. *See* Fed. R. Evid. 805. These include Mr. Alsadi's statements to the doctors, as well as statements from a variety of other sources. *See*, *e.g.*, Doc. 149-3 at 3 (report by Bethanie Spangenberg, comments from Dr. Garcia, results of pulmonary function study at Concerta, quotes from a radiologist who evaluated a CT scan); *id.* at 5 (material safety data sheet for hydrogen sulfide, quote from bronchoscopy report); Doc. 149-4 at 3 (quotes from Dr. Garcia's notes). The parties should be prepared to address these issues if the IMEs are introduced at trial.

### 4. Rule 807.

As amended just over one year ago, Rule 807 permits the admission of an out-of-court statement that is not admissible under Rules 803 or 804 if the statement is supported by sufficient guarantees of trustworthiness – after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement – and it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts. Fed. R. Evid. 807(a)(1), (2). The Court cannot conclude that the IMEs are admissible under this rule. Plaintiffs assert in a single conclusory paragraph that Rule 807 is satisfied, and Defendant's response is limited to one sentence in a footnote. Furthermore, with the opinions of the doctors excluded as discussed above, the

probative value of the IMEs likely is limited to Mr. Alsadi's statements about his own history and condition. The Court cannot conclude that the IMEs are more probative on these matters than any other evidence Plaintiffs can present, including Mr. Alsadi's own testimony. If Plaintiffs seek to admit the IMEs under Rule 807 at trial, they should be prepared to address this point.

### C. Schwartzberg Deposition.

Plaintiffs seek to admit portions of Dr. Schwartzberg's deposition and Defendant seeks to exclude them, but no party describes what the depositions excerpts say. Instead, Defendant argues that the deposition may not be used under any of the grounds set forth in Federal Rule of Civil Procedure 32(a). Plaintiffs respond that Dr. Schwartzberg is unavailable and that his deposition may therefore be used under Rule 32(a)(4)(D). Doc. 308 at 2 n.2. But in its reply, Defendant states that it is willing to help secure Dr. Schwartzberg's participation in this remote trial or in serving a trial subpoena. Doc. 319 at 6. It therefore appears that Dr. Schwartzberg is not unavailable for purposes of Rule 32(a)(4)(D). Plaintiffs can work with Defendant to secure Dr. Schwartzberg's participation to the extent he can give relevant testimony without expressing the opinions which have been excluded.

Dated this 5th day of January, 2021.

David G. Campbell
Senior United States District Judge