**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ahmad Alsadi and Youssra Lahlou, husband and wife,<br><br>     Plaintiffs,<br><br>v.<br><br>Intel Corporation, a Delaware corporation; et.al.,<br><br>     Defendants. | No: CV16-03738-PHX-DGC<br><br>**ORDER** |

On December 31, 2020, Defendant Intel Corporation filed a motion asking the Court, at trial, to apportion fault between Defendant and Jones, Lang, LaSalle ("JLL"), Plaintiff Alsadi's employer at the time of the incident at issue in this case. Doc. 322. The motion is fully briefed and no party requests oral argument. Docs. 331, 337. Because granting the motion would introduce a significant new issue into the case more than four years after it was removed to this Court and less than one month before trial, the Court will deny the motion.

Defendant seeks to have liability apportioned among it, Plaintiff Alsadi, and JLL (a non-party) pursuant to A.R.S. § 12-2506, the Arizona statute that abolished joint and several liability and established a proportionate fault scheme. The statute provides:

> In assessing percentages of fault the trier of fact shall consider the fault of all persons who contributed to the alleged injury, death or damage to property, regardless of whether the person was, or could have been, named as a party

> to the suit. *Negligence or fault of a nonparty may be considered if the plaintiff entered into a settlement agreement with the nonparty or if the defending party gives notice before trial, in accordance with requirements established by court rule, that a nonparty was wholly or partially at fault.*

A.R.S. § 12-2506(B) (emphasis added).

On September 8, 2017, Defendant filed a notice of non-party at fault identifying JLL as a responsible non-party to whom fault should be apportioned. Doc. 43. Plaintiffs moved to strike the notice as untimely under Arizona Rule of Civil Procedure 26(b)(5) (Doc. 100), and Judge Humetewa granted the motion (Doc. 151). In responding to the motion, Defendant made no mention of its current argument – that a notice under Rule 26(b)(5) is not required because Plaintiff Alsadi entered into a settlement with JLL in his worker's compensation case. *See* Doc. 105. Instead, Defendant clearly suggested that the notice Plaintiffs were seeking to strike was the method by which JLL's proportionate fault would become a part of this case. Defendant stated in a footnote that "[i]f this Court holds Intel's notice of non-party at fault was not timely, Intel reserves its right to seek leave to name JLL as a non-party at fault pursuant to *ARCP 26(b)(5)*." *Id.* at 5 n.3 (emphasis added). In other words, Defendant stated that if the notice was stricken, it might again seek apportionment of JLL's fault under the Arizona notice rule, presumably by invoking the last sentence of the rule: "The trier of fact may not allocate any percentage of fault to a nonparty who is not disclosed in accordance with this rule except . . . on motion showing good cause, reasonable diligence, and lack of unfair prejudice to all other parties." *See* Ariz. R. Civ. P. 26(b)(5). Defendant did not suggest that the notice was unnecessary under A.R.S. § 12-2506(B), and never filed another notice or sought leave to do so under the last sentence of Rule 26(b)(5).

The case thereafter proceeded through discovery and motion practice without Defendant making further efforts to designate JLL as a non-party at fault for trial. And, contrary to Defendant's present assertion that Plaintiffs knew that JLL's fault would be apportioned at trial because it had settled the worker's compensation claim, Defendant

2

expressly stated that no apportionment of JLL's fault would be sought at trial. In the parties' joint proposed final pretrial order filed on March 20, 2020 in preparation for a May 19, 2020 jury trial, Defendant stated: "Intel is not seeking an allocation of fault under A.R.S. § 12-2506." Doc. 250 at 17.

The jury trial was postponed because of the Covid 19 pandemic and a bench trial eventually was scheduled for January 25, 2021. On November 6, 2020, Defendant filed proposed findings of fact and conclusions of law for the bench trial. Doc. 300. Defendant's only mention of "fault" in the proposed findings and conclusions was of Plaintiff Alsadi's fault. *Id.* ¶ 12. Defendant made no mention of apportioning fault to JLL, limiting Defendant's liability to its proportion of fault, or A.R.S. § 12-2506. And Plaintiffs' findings and conclusions specifically noted that apportionment of fault would not be an issue in the case, asserting that "Intel's allegations regarding JLL's role in the Incident are irrelevant to the extent they do not relate to Intel's control over the premises or evidence that JLL's actions were a supervening cause of Alsadi's injuries." Doc. 301 at 4.

The parties filed a revised proposed final pretrial order the same day, November 6, 2020, that did not include the statement that Intel was not seeking to apportion fault. Instead, the proposed order made this statement:

> Defendant contends: Intel contends that it is not responsible for the conduct of JLL employees who caused the off-gassing and who directed Mr. Alsadi after the event leading to his exposure. This Court has ruled that the cause of the off-gassing in question is at issue at trial and Intel is entitled to present evidence that JLL caused the off-gassing. Additionally, JLL directed Alsadi to evacuate on the night in question. Intel also intends to present evidence that Mr. Alsadi is at fault for any alleged exposure and/or assumed the risk of any exposure and alleged injury. Finally, Intel reserves the right to present evidence and argument that Plaintiff Alsadi was a statutory employee thereby barring his claim under the exclusive remedy doctrine.

Doc. 302 at 17. This statement suggests that Intel will point to JLL's actions in arguing that "it is not responsible" for the off-gassing – that it was not the cause of Plaintiff Alsadi's

injuries. It refers to the Court's discussion of this issue in its ruling on the motions for summary judgment, a ruling that had nothing to do with apportionment of fault. *See* Doc. 204. And it says nothing about apportioning fault to JLL or the proportionate liability scheme of A.R.S. § 12-2506.[1]

The Court held a final pretrial conference on November 17, 2020, and adopted the parties' proposed final pretrial order to govern the trial of this case. Doc. 303. Given this step, the Court may now modify the final pretrial order "only to prevent manifest injustice." Fed. R. Civ. P. 16(e).

The Court concludes that JLL's proportion of fault has not been an issue in this case since Defendant's notice was stricken by Judge Humetewa in early 2019. Defendant never argued that JLL's fault should be apportioned because of the settlement, and stated at the time of the motion to strike that it reserved the right to re-assert JLL's fault through Rule 26(b)(5), something it never did. That no party understood apportionment of JLL's fault to be an issue in the case was confirmed by Defendant's own statement in the parties' proposed final pretrial order: "Intel is not seeking an allocation of fault under A.R.S. § 12-2506." Doc. 250 at 17. None of the documents filed in connection with the rescheduled bench trial mentioned the Arizona statute or apportionment of JLL's fault.

Thus, it was not until December 31, 2020, that Defendant interjected this issue into the case. At the time, discovery and motion practice were complete and trial was less than a month away. Trying a case in which the Court will determine the parties' and non-parties'

---

[1] Nor can the Court conclude that Plaintiffs somehow should have known that Defendant would seek to have JLL treated as a non-party at fault during trial. When Defendant's notice of JLL's potential fault was stricken, Defendant reserved its right to raise the issue again under Rule 26(b)(5). It never did so. And the intent it maintained throughout the litigation was made clear in its March 20, 2020 proposed final pretrial order – it was not seeking to apportion fault to JLL. Nor can the Court conclude that Plaintiffs should have known from A.R.S. 12-2506(B) that JLL could be treated as a non-party at fault because it reached a settlement with Plaintiffs. There is a credible argument that JLL is not a non-party covered by this portion of subsection (B) because the worker's compensation claim it settled is different from the tort claims being asserted in this case. The Court need not decide that issue, but its existence shows that JLL's role as a non-party at fault at trial would not necessarily have been obvious to Plaintiffs, as Defendant suggests.

respective shares of responsibility is different than trying a case about whether Defendant can be held liable for causing Plaintiff Alsadi's injuries. Permitting Defendant to change the nature of trial at this late date would prejudice Plaintiff. And the Court clearly cannot conclude that denying Defendant's motion – refusing to change the final pretrial order to include apportionment of fault under A.R.S. § 12-2506 – would cause manifest injustice to Defendant, the party that waited four years to make the arguments it now asserts.[2]

**IT IS ORDERED** that Defendant's motion to apportion fault to JLL (Doc. 322) is **denied**.

Dated this 19th day of January, 2021.

*David G. Campbell*
David G. Campbell
Senior United States District Judge

---

[2] Defendant argues that A.R.S. § 12-2506(B) compels apportionment of a settling non-party's fault regardless of whether any notice of an intent to apportion fault is given by the defendant. Doc. 337 at 2. The Court need not decide whether this is true because even if the statute grants defendants a right to apportion the fault of settling non-parties, the Arizona Supreme Court has held that statutory rights may be waived by litigation conduct. In *City of Phoenix v. Fields*, 201 P.3d 529 (Ariz. 2009), the Supreme Court held that the statutory right to a pre-litigation notice of claim – and the complete defense available when a plaintiff fails to comply with the notice requirements of A.R.S. § 12-821.01(A) – may be waived by a defendant's litigation conduct. *Id.* at 535-36. Here, Defendant not only failed to assert its right to apportionment after reserving its right to do so in briefing on the motion to strike, it expressly stated that it was not invoking the right in its March 2020 proposed final pretrial order. The Court finds that Plaintiffs would be seriously prejudiced if Defendant was allowed to interject the issue at this late hour. Further, the Court cannot conclude, as Defendant argues, that Plaintiffs knew Defendant intended to assert apportionment of fault at trial because both parties asked questions at depositions about JLL's actions related to the incident. Even if apportionment is not an issue, the trier of fact in this case must decide whether Defendant exercised enough control over JLL's actions to be liable for resulting injuries. *See* Doc. 204 at 27-30. The respective actions and responsibilities of JLL and Defendant thus are issues – and the subject of discovery – even if Defendant does not seek to apportion fault to JLL.